IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS ELIZABETH LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 14-1487-LPS <br><br> REDACTED - PUBLIC VERSION |
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HEC PHARM CO., LTD., HEC PHARM GROUP, and HEC PHARM USA INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 15-151-LPS |

**DEFENDANTS' MOTION TO PRECLUDE EXPERT
TESTIMONY OF PATENT LAW EXPERT MICHAEL SOFOCLEOUS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii
TABLE OF AUTHORITIES ................................................................................................... iii
I.     Factual Background ........................................................................................................ 1
II.    Expert Testimony on the Patent Law Is Generally Not Allowed in Delaware Courts ........ 4
III.   Mr. Sofocleous's Testimony Should Be Precluded ......................................................... 5
CONCLUSION ......................................................................................................................... 6

## TABLE OF AUTHORITIES

| Cases | Page(s) |
|---|---|
| *Boehringer Ingelheim Int'l GMBH v. Barr Labs., Inc.*, C.A. No. 07-500-JJF, Transcript of Pretrial Conference (D. Del. Feb. 7, 2008) | 4 |
| *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198 (D. Del. 2006) | 4 |
| *MKS Instruments Inc. v. Advanced Energy Indus., Inc.*, C.A. No. 03-469-JJF, Order (D. Del. Jul. 16, 2004) | 4 |
| *Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, C.A. No. 03-209-JJF, Transcript of Pretrial Conference (D. Del. Nov. 10, 2004) | 4 |
| *P&G v. Teva Pharms. USA, Inc.*, 2006 U.S. Dist. LEXIS 54260 (D. Del. Aug. 4, 2006) | 4 |
| *Schering Corp. v. Barr Labs., Inc.*, C.A. No. 07-457-SLR, Order (D. Del. Mar. 4, 2009) | 4 |

### Rules

| | |
|---|---|
| Fed. R. Evid. Rule 702 | 4 |

Plaintiffs seek to have a purported patent law expert, Michael Sofocleous, testify at trial about "black letter patent law." His testimony is improper and should be precluded. Mr. Sofocleous admits he has no technical expertise, and cannot rebut the technical opinions proffered by Defendants' expert, Dr. Robert S. Coleman, an expert in medicinal chemistry. Instead, Mr. Sofocleous's testimony would instruct the Court on substantive legal issues and ultimate conclusions of law related to inventorship and burden of proof – issues this Court is eminently more qualified to address.

███████████████████████████████████████████

███████████████████████████████████████████ Accordingly, at trial Defendants will offer testimony by Dr. Coleman to explain ███████████████████████ ███████████████ In response, Plaintiffs plan to offer the testimony of Mr. Sofocleous, who admits he is not qualified to rebut Dr. Coleman's opinions on the technical issues, but instead seeks to instruct the Court on the legal standards for conception, inventorship, and even the burden of proof.

In short, Mr. Sofocleous's testimony would amount to no more than additional attorney argument in the guise of expert testimony, and should be precluded.

**I.   Factual Background**

███████████████████████████████████████████

███████████████████████████████████████████ The '229 patent recites in its claims potentially thousands of different compounds sharing a 2-amino-1,3-propanediol head. The listed inventors of the patent first synthesized 2-amino-1,3-propanediol compounds by making chemical modifications to a naturally occurring

immunosuppressive product, myriocin (ISP-I). (Ex. A, Adachi and Chiba, FTY720 Story. Its Discovery and the Following Accelerated Development of Sphingosine 1-Phosphate Receptor Agonists as Immunomodulators Based on Reverse Pharmacology, 1 Perspectives in Medicinal Chemistry, 11-23 (2007), NOVGIL002285598-610.)[1] They made several modifications to myriocin, including removal of the side chain functionalities, elimination of chiral centers, conversion of the carboxylic acid, and adjustments to the side chain length. (*Id.* at NOVGIL002285600.)

[REDACTED]

---

[1] The materials cited herein are Exhibits to the Declaration of Ronald A. Lee, Esq. submitted with this motion.



Accordingly, Actavis and HEC provided to Plaintiffs a report by Dr. Coleman, an expert on medicinal chemistry, in which he opined, among other things, ████████████

████████████████████████████████████████████

████████████████████████████████████████████

In response, Plaintiffs provided the expert report of Michael Sofocleous, Esq., an attorney without any experience in medicinal chemistry. (Ex. E, First Expert Report of Michael Sofocleous, Esq. ("Sofocleous Report"), ¶¶ 2-4.) In his capacity as a purported patent law expert, Mr. Sofocleous provided opinions on the black letter patent law of inventorship and burden of proof, and made an ultimate legal conclusion that ████████████

████████████████. (Ex. E, Sofocleous Report ¶¶ 29-36, 56.)

At his deposition, Mr. Sofocleous confirmed that he would be offering opinions on the legal standards for conception, inventorship, and burden of proof, which according to Mr. Sofocleous, represents "basic black letter patent law." (Ex. F, Deposition Transcript of Michael Sofocleous dated December 9, 2016 ("Sofocleous Dep. Tr."), 38:21-41:13; 43:22-44:6.) Mr. Sofocleous admitted that the cases he cites in his report could have been found in patent law treatises, and were given to him by Plaintiffs' counsel. (Id. at 44:7-23; 45:2-12.) Moreover, Mr.

Sofocleous acknowledged that he is not a technical expert, and could not rebut Dr. Coleman on any of the technical issues. (*Id.* at 69:8-10; 70:18-71:7.)

## II. Expert Testimony on the Patent Law Is Generally Not Allowed in Delaware Courts

Expert witnesses may offer an opinion at trial if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. Rule 702. Courts in this district have overwhelmingly excluded patent law experts from testifying at trial on any issues of patent law. *See Schering Corp. v. Barr Labs., Inc.*, C.A. No. 07-457-SLR, Order at 1 (D. Del. Mar. 4, 2009) (J. Robinson) (holding that "no legal experts shall be testifying at trial") (attached as Ex. G); *Boehringer Ingelheim Int'l GMBH v. Barr Labs., Inc.*, C.A. No. 07-500-JJF, Transcript of Pretrial Conference at 21 (D. Del. Feb. 7, 2008) (J. Farnan) (excluding patent law expert on issue of double-patenting in order to "be consistent in excluding patent law experts absent some matter that . . . truly requires an expert to testify.") (attached as Ex. H); *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 210 (D. Del. 2006) (J. Robinson); *Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, C.A. No. 03-209-JJF, Transcript of Pretrial Conference at 5-6 (D. Del. Nov. 10, 2004) (J. Farnan) (attached as Ex. I).

When courts in this district have allowed expert testimony on patent law, the subject matter was restricted to testimony regarding PTO practice and procedures and/or inequitable conduct. *See P&G Co. v. Teva Pharms. USA, Inc.*, No. 04-940-JJF, 2006 U.S. Dist. LEXIS 54260, at *3-4 (D. Del. Aug. 4, 2006) (J. Farnan) ("[t]his court excludes testimony by patent law experts on substantive issues of patent law. Testimony . . . must therefore be restricted to PTO practice and procedures and may not include legal conclusions or substantive issues of patent law."); *MKS Instruments Inc. v. Advanced Energy Indus., Inc.*, C.A. No. 03-469-JJF, Order at 2 (D. Del. Jul. 16, 2004) (J. Farnan) ("In this district, expert testimony on U.S. Patent and Trademark Office ('PTO') procedures and patent law are excluded. Depending on a proffer,

- 4 -

expert testimony on PTO procedure regarding the specific matter before the Court may be accepted on inequitable conduct issues.") (attached as Ex. J).

### III. Mr. Sofocleous's Testimony Should Be Precluded

Mr. Sofocleous intends to offer testimony as a purported patent law expert opining on substantive issues of patent law. That alone should end the matter. Courts in this district have overwhelmingly rejected patent law experts, except in specific cases, such as when the expert testifies on patent office practice or inequitable conduct. Mr. Sofocleous is not offering an opinion on patent office practice, and inequitable conduct is not at issue in this case. (Ex. F, Sofocleous Dep. Tr. at 30:17-20.)

Rather, Mr. Sofocleous is offering his opinions on substantive patent law issues of conception, inventorship, and burden of proof. (Ex. E, Sofocleous Report, ¶¶ 29-36.) The purported expert opinions he provides on the law are "black letter patent law." (Ex. F, Sofocleous Dep. Tr., 38:21-41:13; 43:22-44:6.) Indeed, the cases he interprets in his report, which is the purported expertise he would be offering to help the Court decide inventorship, could have been found in patent law treatises. (Ex. F, Sofocleous Dep. Tr., 45:2-12.) Mr. Sofocleous did not even find these cases – they were given to him by Plaintiffs' counsel. (*Id.* at 44:7-23.) At best, Mr. Sofocleous can only apply the law to the facts from the vantage of a practitioner of law – a role that the Court is eminently more qualified to fulfill. Given that Plaintiffs have able and qualified counsel representing them in this Action, it is not clear why Mr. Sofocleous should be afforded the opportunity to be an additional advocate on their behalf. Thus, Mr. Sofocleous's testimony as a patent law expert would amount to no more than additional attorney argument, and would waste valuable trial time. Accordingly, his testimony should be precluded.

## CONCLUSION

For the reasons discussed above, Defendants request that Mr. Sofocleous's testimony be precluded.

Dated: February 28, 2017

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert M. Vrana
_____
Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

WILLKIE FARR & GALLAGHER LLP
Thomas J. Meloro
Eugene L. Chang
Heather M. Schneider
Tara L. Thieme
Ronald A. Lee
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

*Attorneys for Actavis Elizabeth LLC*

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*

---

Stamatios Stamoulis (No. 4606)
Richard C. Weinblatt (No. 5080)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

HAYNES AND BOONE, LLP
Kyle Musgrove
Yongjin Zhu
800 17th Street, NW
Suite 500
Washington, D.C. 20006-3962
(202) 654-4502
kyle.musgrove@haynesboone.com
yongjin.zhu@haynesboone.com

James A. Shimota
180 N. LaSalle Street
Suite 2215
Chicago, IL 60601
(312) 216-1624
jim.shimota@haynesboone.com

Brian C. Kwok
525 University Avenue
Suite 400
Palo Alto, CA 94301
(650) 804-7818
brian.kwok@haynesboone.com

*Attorneys for HEC Pharm Co., Ltd.,
HEC Pharm Group,
and HEC Pharm USA Inc.*

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 14-1487-LPS |
| v. | ) ) ) | |
| ACTAVIS ELIZABETH LLC, | ) ) | |
| Defendants. | ) ) | |
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-151-LPS |
| v. | ) ) ) | |
| HEC PHARM CO., LTD., HEC PHARM GROUP, and HEC PHARM USA INC. | ) ) ) | |
| Defendants. | ) ) | |

### D. DEL. LOCAL RULE 7.1.1 STATEMENT

I, Robert M. Vrana, hereby certify that Defendants have made reasonable efforts to reach agreement with Plaintiffs on the matters set forth in Defendants' Motion to Preclude Expert Testimony of Patent Law Expert Michael Sofocleous, and that no agreement was reached.

01:21620774.1

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

WILLKIE FARR & GALLAGHER LLP
Thomas J. Meloro
Eugene L. Chang
Heather M. Schneider
Tara L. Thieme
Ronald A. Lee
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Dated: February 28, 2017

*Attorneys for Actavis Elizabeth LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., )<br><br>Plaintiffs, )<br><br>v. )<br><br>ACTAVIS ELIZABETH LLC, )<br><br>Defendants. ) | C.A. No. 14-1487-LPS |
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., )<br><br>Plaintiffs, )<br><br>v. )<br><br>HEC PHARM CO., LTD., HEC PHARM GROUP, and HEC PHARM USA INC. )<br><br>Defendants. ) | C.A. No. 15-151-LPS |

### [PROPOSED] ORDER

On this _____ day of _____, 2017, the Court having considered Defendants' Defendants' Motion to Preclude Expert Testimony of Patent Law Expert Michael Sofocleous (the "Motion") and the papers and arguments in connection therewith;

IT IS HEREBY ORDERED that the Motion is GRANTED.

_____
Chief United States District Judge

01:21620769.1