

March 20, 2017

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street Unit 26 Room 6124
Wilmington, DE 19801-3555

Daniel M. Silver
Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

**Re:  *Novartis AG, et al. v. Actavis Elizabeth LLC, et al.*, C.A. No. 14-1487-LPS;**
   ***Novartis AG, et al. v. Ezra Ventures, LLC, C.A., et al.*, No. 15-150-LPS**;
   ***Novartis AG, et al. v. HEC Pharm. Co., Ltd., et al.*, C.A. No. 15-151-LPS;**
   **and *Novartis AG, et al. v. Apotex Inc., et al.*, C.A. No. 15-975-LPS**

Dear Chief Judge Stark:

We represent the plaintiffs in these consolidated Hatch-Waxman cases. We write on an emergency basis to strike Defendants' briefs filed on March 15, 2017 (Actavis D.I. 220, 222, 225, 226, 227) in response to Plaintiffs' *Daubert* and related partial summary judgment motions. Defendants' briefs total 61 pages, substantially exceeding the 50-page limit for *Daubert* and other motion responses.

This Court's page limit for response briefs is in its Revised Patent Procedures:

> I will continue to permit parties to file as many summary judgment and Daubert (i.e., motions to exclude or preclude anticipated expert testimony, in whole or in part) motions as they wish, subject to the restriction that *each side is limited to* no more than a total of fifty (50) pages of combined opening briefs in support of any and all such motions, *no more than fifty (50) pages of combined answering briefs in opposition to the motions*, and no more than twenty (20) pages of combined reply briefs in support of their motions.

Hon. Leonard P. Stark, Revised Procedures for Managing Patent Cases at 9 (June 18, 2014) (emphasis added). While these procedures apply of their own accord only to "non-ANDA patent cases" (*id.* at 1), the "restriction" on page limits was incorporated into the Scheduling Orders here. In the section discussing *Daubert* motions, the Scheduling Orders provide: "Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions." Actavis D.I. 22 ¶ 9(h)(4); Ezra D.I. 41 ¶ 9(h)(4); HEC D.I. 47 ¶ 9(h)(4); Apotex D.I. 29 ¶ 9(h)(4).

Defendants filed 61 pages of response briefs, significantly exceeding the 50-page limit. *See* Actavis D.I. 220 (12 pages), 222 (9 pages), 225 (20 pages), 226 (14

March 20, 2017
The Honorable Leonard P. Stark
Page 2

pages), 227 (6 pages). This has prejudiced Plaintiffs, who submitted only 47 pages of opening briefing on the understanding that the Court's 50-page limit applied.

Plaintiffs promptly notified Defendants of their deficiency, asking Defendants to refile briefs that comply with the page limits. (Ex. A.) Defendants initially refused, arguing that the Patent Procedures govern only non-ANDA cases. (Ex. B.) Plaintiffs responded, and cleared an additional Actavis in-house counsel under the Protective Order on an expedited basis to facilitate resolution of the issue. (Ex. B; Ex. C.) Defendants finally replied this afternoon. (Ex. D.) Because Plaintiffs' reply briefs are due on Wednesday, March 22, Plaintiffs asked the Defendants to meet and confer today. (*Id.*) Defendants did not reply by the close of business.

The Court should strike Defendants' response briefs with leave to refile. When a party exceeds "the collective page limitations for summary judgment and *Daubert* motions," the court should "strike [the offending side's] collective briefs and grant[] leave to" and refile those briefs in compliance with the page limits. *Monec Holding AG v. Motorola Mobility, Inc.*, No. CV 11-798-LPS-SRF, 2014 WL 4402825, at *2 & n.3 (D. Del. Sept. 5, 2014).[1] Plaintiffs are "prejudiced" by Defendants' deficiency because their opening briefs and reply briefs must be "within the briefing page limitations established by the court." *Id.* at *2.

In the parties' email exchange, Defendants contended they were entitled to ignore the Court's page limits because Plaintiffs accompanied their *Daubert* motions with related motions for partial summary judgment, without prior agreement. *See* Ex. B. Plaintiffs' partial summary judgement motions, however, are not "case dispositive" motions subject to the Court's requirement of an agreement before filing. Actavis D.I. 22 ¶ 20; Ezra D.I. 41 ¶ 20; HEC D.I. 47 ¶ 20; Apotex D.I. 29 ¶ 20 ("[a]bsent agreement between the parties, the Court will generally not hear *case dispositive* motions in ANDA cases"). Plaintiffs' two short partial summary judgment motions are part and parcel of their *Daubert* motions—Plaintiffs' move to exclude the report of Defendants' noninfringement expert and therefore also for summary judgment of infringement (Actavis D.I. 214), and to exclude the report of Defendants' inventorship expert and therefore also for summary judgment on the inventorship issue (Actavis D.I. 212, 213). Neither motion will dispose of the case, but instead will just cull from trial tangential, discrete issues on which there is no genuine dispute of material fact. And in filing these motions, Plaintiffs undeniably complied with the Court's page limits: Their *Daubert* and related partial summary judgment motions, combined, totaled less than 50 pages. Defendants needed no extra pages to respond and were not free to violate the Court's page limits.

Because Plaintiffs' reply briefs are due in two days, Plaintiffs seek immediate relief. Plaintiffs respectfully request that the Court provide Plaintiffs with seven days

---

[1] Indeed, the Court could permissibly strike Defendants' oppositions without leave to amend. *See McElroy v. Sands Casino*, No. CIV.A. 12-6219, 2014 WL 80875, at *3 (E.D. Pa. Jan. 9, 2014), *aff'd*, 593 F. App'x 113, 115-16 (3d Cir. 2014).

March 20, 2017
The Honorable Leonard P. Stark
Page 3

to prepare and file replies after Defendants refile their briefs in compliance with the page limits.

Respectfully submitted,

/s/ Daniel M. Silver

Daniel M. Silver (#4758)

cc:   All Counsel of Record (via electronic mail and CM/ECF)

ME1 24430745v.1