IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 14-1487-LPS |
| v. | )<br>) | PUBLIC VERSION |
| ACTAVIS ELIZABETH LLC, | )<br>)<br>) | |
| Defendant. | )<br>)<br>) | |
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 15-0151-LPS |
| v. | )<br>) | |
| HEC PHARM CO., LTD., HEC PHARM GROUP, and HEC PHARM USA INC. | )<br>)<br>) | |
| Defendants. | )<br>)<br>) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO PRECLUDE EXPERT TESTIMONY
OF PATENT LAW EXPERT MICHAEL SOFOCLEOUS**

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................................. ii
TABLE OF AUTHORITIES .......................................................................................................... iii
I.    Patent Law Experts Are Not Allowed in this District and Mr. Sofocleous's Testimony Should Be Precluded ................................................................................................. 1
CONCLUSION ................................................................................................................................ 4

## TABLE OF AUTHORITIES

<u>Cases</u> <u>Page(s)</u>

*AstraZeneca UK Ltd. v. Watson Labs., Inc.*,
    No. 10-915-LPS, 2012 WL 6043266 (D. Del. Nov. 14, 2012)............................................2

*Boehringer Ingelheim Int'l GMBH v. Barr Labs., Inc.*,
    C.A. No. 07-500-JJF, Transcript of Pretrial Conference (D. Del. Feb. 7, 2008)................3

*Exelis Inc. v. Cellco P'ship*,
    No. CA 09-190-LPS, 2012 WL 6043494 (D. Del. Nov. 6, 2012) ......................................3

*In re Depomed Patent Litig.*,
    No. 2:13-cv-04507, 2016 WL 743374 (D.N.J. Feb. 22, 2016)..........................................2

*LP Matthews LLC v. Bath & Body Works, Inc.*,
    458 F. Supp. 2d 198 (D. Del. 2006).................................................................................3

*Pfizer, Inc. v. Ranbaxy Labs. Ltd.*,
    C.A. No. 03-209-JJF, Transcript of Pretrial Conference (D. Del. Nov. 10, 2004)..............3

*Schering Corp. v. Barr Labs., Inc.*,
    C.A. No. 07-457-SLR, Order (D. Del. Mar. 4, 2009).........................................................3

*Syngenta Seeds, Inc. v. Monsanto Co.*,
    C.A. No. 02-1331-SLR, 2004 U.S. Dist. LEXIS 18712 (D. Del. Sep. 8, 2004)..................3

Plaintiffs do not dispute that Mr. Sofocleous has nothing more to offer the Court than opinions on the legal standard for inventorship, and that Mr. Sofocleous cannot rebut Dr. Coleman's technical opinions. As such, his testimony fits squarely and completely within the standard practice of this Court to exclude testimony from experts in patent law.

Notably, Plaintiffs have not cited a single case from this district that supports the admissibility of Mr. Sofocleous's testimony. On the contrary, every case cited by Plaintiffs from this district supports Defendants' position that while Dr. Coleman's technical testimony is admissible, Mr. Sofocleous's "expert" legal testimony is not. Even assuming that Mr. Sofocleous has expertise in the law of inventorship, Plaintiffs have not demonstrated how Mr. Sofocleous's opinions would help the Court any more than would attorney argument from Plaintiffs' experienced trial counsel. Accordingly, Mr. Sofocleous's testimony should be precluded.

## I. Patent Law Experts Are Not Allowed in this District and Mr. Sofocleous's Testimony Should Be Precluded

Plaintiffs argue that "[t]his Court should allow Judge Sofocleous' rebuttal testimony on the legal issue of inventorship if it allows Dr. Coleman's inventorship opinion." (D.I. 221, Plaintiffs' Brief in Opposition to Defendants' Motion to Preclude Expert Testimony of Judge Michael Sofocleous ("Plaintiffs Opp. Br."), at 4.) Plaintiffs' position makes no sense. The admissibility of an expert's testimony is based on the opinions and qualifications of that expert and should not depend on the opinions proffered by another expert. According to Plaintiffs, Mr. Sofocleous is being offered as an expert in inventorship law, a substantive issue of patent law, and his rebuttal testimony is solely on "the legal issue of inventorship." (*Id.* at 2, 4.) That is exactly the type of expertise and testimony that is improper and regularly excluded in this district. In contrast, Dr. Coleman intends to offer technical opinions regarding the type of

modifications and chemical synthesis conducted by the inventors in developing the compounds claimed in the '229 patent, and Dr. Hirose's technical contributions to those ideas and the implementation of them. (Ex. D,[1] Opening Expert Report of Robert S. Coleman, Ph.D. ("Opening Coleman Report"), ¶¶ 151-160.) That is exactly the type of technical expert testimony allowed in almost every patent case.

Plaintiffs' cases are in accord. In *AstraZeneca UK Ltd. v. Watson Laboratories, Inc.*, the plaintiffs offered testimony of a former PTO examiner and Administrative Patent Judge who, as noted by this Court, was not "a person of ordinary skill in the art of the patent-in-suit." No. 10-915-LPS, 2012 WL 6043266, at *1 (D. Del. Nov. 14, 2012). This Court opined that "the judges in this District have a well-established practice of excluding the testimony of legal experts, absent extraordinary circumstances," and accordingly granted defendants' motion to exclude the testimony of plaintiffs' legal expert. *Id.* at *1-2. In *In re Depomed Patent Litigation*, the court considered a motion to preclude a *technical* expert from testifying on "legal opinions about patent law standards." No. 2:13-cv-04507, 2016 WL 743374, at *2 (D.N.J. Feb. 22, 2016). The court held that it "will allow the presentation of Plaintiffs' expert testimony and will disregard any testimony that is unreliable and irrelevant." *Id.*

Further, as Plaintiffs cite in their brief, Judge Robinson's trial guidelines for patent cases recognize longstanding practice by stating that "'[e]xpert' legal testimony (<u>as opposed to technical testimony</u>) on such substantive issues as invalidity (by anticipation, obviousness, on-sale bar, prior conception, etc.) and claim construction and infringement, generally is not admitted, as descriptions of the law and instructions on the law are matters for the court." (D.I.

---

[1] All citations to "Ex." refer to the February 28, 2017 Declaration of Ronald A. Lee filed with Defendants' Opening Brief in Support of Motion to Exclude Patent Law Expert Michael Sofocleous ("Def. Opening Br.") (D.I. 216 and 217).

- 2 -

221, Plaintiffs Opp. Br., at 5.) (emphasis added). Thus, Plaintiffs' own cases and citations from this district squarely support Defendants' position that while Dr. Coleman's technical testimony is admissible, Mr. Sofocleous's opinions on the "legal issue of inventorship" are not.

Plaintiffs further argue that in this case, "there is no jury, and thus no risk of confusing the jury about the Court's role in instructing on the law." (*Id.*) Again, this argument only supports Defendants' position. The Court is eminently more qualified than Mr. Sofocleous to render an opinion on the law of inventorship in a district court proceeding, and Mr. Sofocleous's testimony would not be any more helpful than a brief submitted by Plaintiffs' counsel. Moreover, this district has excluded patent law experts from testifying as a matter of course in bench trials and jury trials alike. *See, e.g., Schering Corp. v. Barr Labs., Inc.*, C.A. No. 07-457-SLR, Order at 1 (D. Del. Mar. 4, 2009) (Ex. G); *Boehringer Ingelheim Int'l GMBH v. Barr Labs., Inc.*, C.A. No. 07-500-JJF, Transcript of Pretrial Conference at 21 (D. Del. Feb. 7, 2008) (Ex. H); *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 210 (D. Del. 2006); *Syngenta Seeds, Inc. v. Monsanto Co.*, C.A. No. 02-1331-SLR, 2004 U.S. Dist. LEXIS 18712 (D. Del. Sep. 8, 2004); *Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, C.A. No. 03-209-JJF, Transcript of Pretrial Conference at 5-6 (D. Del. Nov. 10, 2004) (Ex. I).

Plaintiffs inexplicably spend almost half their brief discussing alleged deficiencies in Dr. Coleman's inventorship analysis even though this motion relates to the preclusion of testimony by Mr. Sofocleous. (D.I. 221, Plaintiffs Opp. Br., at 2-3.) Regardless, as stated in Defendants' answering brief to Plaintiffs motion to exclude testimony of Dr. Coleman (D.I. 222), any alleged deficiency in Dr. Coleman's methodology or application of legal standards goes to the weight, and not the admissibility, of his testimony. *See Exelis Inc. v. Cellco P'ship*, No. CA 09-190-LPS, 2012 WL 6043494, at *14-15 (D. Del. Nov. 6, 2012). Moreover, Dr. Coleman's extensive

experience in medicinal chemistry and developing pharmaceutical compounds makes him more than qualified to opine on the substantive contributions made by Dr. Hirose in the modifications to the compounds leading up to fingolimod, which Plaintiffs do not challenge. Mr. Sofocleous cannot rebut Dr. Coleman's technical opinions because he is not a technical expert. (Ex. F, Deposition Transcript of Michael Sofocleous dated December 9, 2016, at 69:8-10; 70:18-71:7.)

## CONCLUSION

For the reasons discussed above, Defendants request that Mr. Sofocleous's testimony be precluded.

Dated: March 22, 2017

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert M. Vrana

Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com
rvrana@ycst.com

WILLKIE FARR & GALLAGHER LLP
Thomas J. Meloro
Eugene L. Chang
Heather M. Schneider
Tara L. Thieme
Ronald A. Lee
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000
tmeloro@willkie.com
echang@willkie.com
hschneider@willkie.com
tthieme@willkie.com
rlee@willkie.com

*Attorneys for Actavis Elizabeth LLC*

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
_____
Stamatios Stamoulis
Richard C. Weinblatt
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
*stamoulis@swdelaw.com*
*weinblatt@swdelaw.com*

Kyle Musgrove
Yongjin Zhu
Yifang Zhao
HAYNES AND BOONE, LLP
800 17th Street, NW
Suite 500
Washington, D.C. 20006-3962
(202) 654-4502
*kyle.musgrove@haynesboone.com*
*yongjin.zhu@haynesboone.com*
*eva.zhao@haynesboone.com*

James A. Shimota
HAYNES AND BOONE, LLP
180 N. LaSalle Street
Suite 2215
Chicago, IL 60601
(312) 216-1624
*jim.shimota@haynesboone.com*

Brian C. Kwok
HAYNES AND BOONE, LLP
525 University Avenue
Suite 400
Palo Alto, CA 94301
(650) 804-7818
*brian.kwok@haynesboone.com*

*Attorneys for HEC Pharm Co., Ltd.,*
*HEC Pharm Group,*
*and HEC Pharm USA Inc.*

## CERTIFICATE OF SERVICE

I, Robert M. Vrana, Esquire, hereby certify that on March 22, 2017, I caused to be electronically filed a true and correct copy of Defendants' Reply Brief in Support of Motion to Preclude Expert Testimony of Patent Law Expert Michael Sofocleous with the Clerk of the Court using CM/ECF, which will send notification to the following counsel of record:

Michael P. Kelly
Daniel M. Silver
Benjamin A. Smyth
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

I further certify that on March 22, 2017, I caused a copy of the foregoing document to be served on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Jane M. Love, Ph.D.
Robert Trenchard
Gibson Dunn & Crutcher, LLP
200 Park Avenue
New York, NY  10166-0193
jlove@gibsondunn.com
rtrenchard@gibsondunn.com

Joseph M. O'Malley
Eric W. Dittmann
Paul Hastings LLP
200 Park Avenue
New York, NY  10166
(212) 318-6000
josephomalley@paulhastings.com
ericdittmann@paulhastings.com

/s/ Robert M. Vrana
_____
Robert M. Vrana (No. 5666)

01:21711614.1