**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS ELIZABETH LLC, <br><br> Defendant. | REDACTED - PUBLIC VERSION <br> FILED MARCH 30, 2017 <br><br> C.A. No. 14-1487-LPS |
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HEC PHARM CO., LTD., HEC PHARM GROUP, and HEC PHARM USA INC. <br><br> Defendants. | C.A. No. 15-0151-LPS |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE**
**EXPERT TESTIMONY OF JUDGE MICHAEL SOFOCLEOUS**

**TABLE OF CONTENTS**

 **Page**

NATURE AND STAGE OF PROCEEDINGS ............................................................................... 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT ................................................................................................................................. 4

CONCLUSION .............................................................................................................................. 6

ME1 24392349V.1

# TABLE OF AUTHORITIES

**Cases**

*AstraZeneca UK Ltd. v. Watson Labs., Inc. (NV)*,
    2012 WL 6043266 (D. Del. Nov. 14, 2012) (Stark, J.)............................................................4

*In re Depomed Patent Litig.*,
    2016 WL 743374 (D.N.J. Feb. 22, 2016)................................................................................4

*Massachusetts Eye & Ear Infirmary v. Novartis Ophthalmics, Inc.*,
    199 F. App'x 960 (Fed. Cir. 2006)..........................................................................................4

*Mendenhall v. Cedarapids, Inc.*,
    5 F.3d 1557 (Fed. Cir. 1993) ..................................................................................................4

*Murfam Farms, LLC ex rel. Murphy v. United States*,
    2008 WL 4725468 (Fed. Cl. Sept. 19, 2008)..........................................................................4

**Rules**

"Additional Civil Trial Guidelines for Patent Cases," *available at*
    http://www.ded.uscourts.gov/sites/default/files/Chambers/SLR/Misc/Addition
    al_Civil_Trial_Guidelines-Patent_Cases_12-21-10.pdf ..........................................................5

Fed. R. Civ. P. 702.............................................................................................................................4

## NATURE AND STAGE OF PROCEEDINGS

Novartis and the other Plaintiffs brought these Hatch-Waxman patent cases against generic drug makers seeking FDA approval to sell generic versions of Novartis's Gilenya-brand multiple sclerosis medicine. The generics' planned drugs infringe U.S. Patent No. 5,604,229, which claims compounds that include Gilenya's active ingredient, fingolimod. This case is set for a four-day bench trial starting April 24.

In expert discovery, the Actavis and HEC defendants submitted the expert report of medicinal chemist Dr. Robert S. Coleman. In addition to his chemistry opinions, Dr. Coleman, who is not a lawyer, purported to apply inventorship law to conclude that Dr. Ryoji Hirose should have been included as a co-inventor to the '229 Patent. Dr. Hirose, then a Ph.D. student working at the predecessor to co-plaintiff Mitsui Sugar, ███████████████ ███████████████ Plaintiffs rebutted Dr. Coleman's inventorship opinion with a report from Michael Sofocleous, a former Administrative Patent Judge.

Novartis has moved in a separate motion to exclude Dr. Coleman's inventorship opinion on the ground that he is not qualified to opine on inventorship, and for summary judgment on the inventorship issue. In this motion, the Actavis and HEC defendants move to exclude Judge Sofocleous' testimony. Plaintiffs hereby oppose that motion solely to the extent that the Court does not grant Plaintiffs' other motions on the inventorship issue.

## SUMMARY OF ARGUMENT

Unlike Dr. Coleman, Judge Sofocleous has vast experience in applying inventorship law to a myriad of fact situations, by virtue of Judge Sofocleous's long tenure as an Administrative Patent Judge. In that capacity, Judge Sofocleous presided over numerous interference proceedings in which he decided inventorship questions, so his testimony will be far more

helpful to the Court than will Dr. Coleman's.  With no jury in this case--and thus no risk that expert testimony on legal issues will confuse the fact-finder on the law—the Court has ample discretion to receive Judge Sofocleous's testimony, and plaintiffs respectfully submit that the Court should do so if the Court permits Dr. Coleman to testify on these issues.

## STATEMENT OF FACTS

Judge Sofocleous is an expert in inventorship law.  He authored approximately 120 final decisions in interference cases, and sat as part of the three-judge panel in rendering decisions in about 240 interference cases.  (Ex.[1] 1, Sofocleous Report at ¶ 15.)  Interferences are proceedings that decide who among potential competing inventors in fact invented an invention first.  (*See* Ex. 1, Sofocleous Report at ¶ 12.)  Accordingly, Judge Sofocleous regularly decided inventorship issues. (Ex. 1, Sofocleous Report at ¶¶ 11–18.)

In his expert report here, Judge Sofocleous first reviews basic principles of inventorship law in far more depth than Dr. Coleman's review.  (*Contrast* Ex. 1, Sofocleous Report at ¶¶ 29–36 *with* Ex. 2, Coleman Report at ¶¶ 151–152.)  Judge Sofocleous then identifies multiple deficiencies in Dr. Coleman's analysis, including the following:

- Dr. Coleman is not qualified to opine on inventorship.  He is neither a lawyer nor a former Administrative Patent Judge.  (Ex. 1, Sofocleous Report at ¶ 43.)

- Dr. Coleman fails to articulate and apply the governing burden of proof, which presumes an issued patent has correct inventorship, and requires a challenger to show otherwise by clear and convincing evidence.  (Ex. 1, Sofocleous Report at ¶ 45.)

---

[1]   All citations to "Ex." refer to the March 15, 2017 Declaration of James Barnao.

2

- Dr. Coleman fails to identify what contribution Dr. Hirose purportedly made to any claim in the patent. (Ex. 1, Sofocleous Report at ¶ 44.) Dr. Coleman confirmed that he did not and could not do so in his deposition. (Ex. 3, Coleman Tr. 278:9–279:2.)

- Dr. Coleman fails to address that ███████████████████████████████ ███████████████ (Ex. 1, Sofocleous Report at ¶ 48 (citing Ex. 5, Hirose Tr. at 131:2–14).)

- Dr. Coleman fails to address Dr. Hirose's testimony that ████████████ ██████████████████████████████████████████████████████████ █████████████████████████ Ex. 1, Sofocleous Report at ¶¶ 53–54 (citing Ex. 5, Hirose Tr. at 119:6–18; 121:10-17).)

- Dr. Coleman fails to identify any contemporaneous evidence corroborating his opinion that Dr. Hirose should have been named as an inventor. (Ex. 1, Sofocleous Report at ¶ 46.) Dr. Coleman cites only the testimony of Dr. Sasaki, one of the named inventors, but the law generally requires contemporaneous physical records as corroboration. *See id*. Dr. Coleman acknowledged that lack of such corroboration in his deposition. (Ex. 3, Coleman Tr. at 278:4–8: "Q. So you're not aware of any contemporaneous writing that corroborates your opinion that Dr. Hirose is an inventor? A. No.") In any event, Dr. Sasaki did not corroborate that Dr. Hirose made *any* inventive contribution to any claim in the '229 Patent. (█████████ ████ ██ ███████████████████████████████████████ █ █ ████████████████████████████████████████████████████ ██████████████████████████

3

## ARGUMENT

This Court should allow Judge Sofocleous' rebuttal testimony on the legal issue of inventorship if it allows Dr. Coleman's inventorship opinion, recognizing that the general practice is not to have expert testimony on issues of law, *AstraZeneca UK Ltd. v. Watson Labs., Inc. (NV)*, 2012 WL 6043266, at *1–2 (D. Del. Nov. 14, 2012) (Stark, J.).[2] Whether to follow that general practice in a particular case is within the Court's discretion. *In re Depomed Patent Litig.*, 2016 WL 743374, at *2 (D.N.J. Feb. 22, 2016) (denying Daubert motion to preclude technical experts from providing legal opinions about patent law because "a district court conducting a bench trial may admit evidence during the trial, subject to the understanding that the court may later exclude it or disregard it if it turns out not to meet the standards for reliability and relevancy established by Rule 702"); *Murfam Farms, LLC ex rel. Murphy v. United States*, 2008 WL 4725468, at *2 (Fed. Cl. Sept. 19, 2008) ("For example, patent law experts are occasionally called upon in bench trials to inform a judge on the intricacies of patent law.") (*citing Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1574 n. 17 (Fed. Cir. 1993)); *see also Massachusetts Eye & Ear Infirmary v. Novartis Ophthalmics, Inc.*, 199 F. App'x 960, 964 (Fed. Cir. 2006) (discussing the district court's reliance on patent law expert on inventorship.)

Here, if the Court allows Dr. Coleman's uninformed testimony on this issue, then Plaintiffs respectfully submit it should allow the well-informed testimony from Judge Sofocleous to rebut Dr. Coleman's testimony. Judge Sofocleous's report and testimony merely rebuts Dr.

---

[2] The Court need not come to a decision on this matter if it grants Plaintiffs' motion for summary judgment on inventorship. (C.A. No. 14-14878-LPS, D.I. 209.) Similarly, Plaintiffs' agree to withdraw Judge Sofocleous' report if the Court grants Plaintiffs' motion to exclude Dr. Coleman's inventorship opinion. (C.A. No. 14-14878-LPS, D.I. 208.)

Coleman's legal opinion as to inventorship—an opinion for which Dr. Coleman applies incorrect standards of law.

Plaintiffs appreciate that, especially in jury trials, Courts in this District are disinclined to permit legal testimony, to prevent the legal expert from subverting the Court's role in instructing the jury on the law. (*See* "Additional Civil Trial Guidelines for Patent Cases," *available at* http://www.ded.uscourts.gov/sites/default/files/Chambers/SLR/Misc/Additional_Civil_Trial_ Guidelines-Patent_Cases_12-21-10.pdf) ("'Expert' legal testimony (as opposed to technical testimony) on such substantive issues as invalidity (by anticipation, obviousness, on-sale bar, prior conception, etc.) and claim construction and infringement, generally is not admitted, as descriptions of the law and instructions on the law are matters for the court.")  Here, however, there is no jury, and thus no risk of confusing the jury about the Court's role in instructing on the law.  Plaintiffs offer Judge Sofocleous's opinion to assist the Court in analyzing inventorship issues, in light of the vast experience in inventorship law that Administrative Patent Judges acquire in presiding over interferences.  Plaintiffs respectfully submit that Judge Sofocleous's testimony is likely to be far more helpful to the Court than Dr. Coleman's uninformed view.

The Actavis and HEC defendants argue that Judge Sofocleous is not qualified to testify on "technical issues," *i.e.*, medicinal chemistry.  That is beside the point.  There were no technical issues for Judge Sofocleous to rebut, as Dr. Coleman made no relative assessment of Dr. Hirose's purported scientific contributions against the claimed subject matter.  To the contrary, Dr. Coleman admitted that he lacked the information needed to perform such an analysis, and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

## CONCLUSION

For the foregoing reasons, the Defendants' motion to exclude the testimony of Michael Sofocleous should be denied, to the extent the Court permits Dr. Coleman to testify on the issue.

Dated: March 15, 2017

|  |  |
|---|---|
| OF COUNSEL: | McCARTER & ENGLISH, LLP |
|  | By: /s/ Benjamin A. Smyth |
| Jane M. Love, Ph.D. | Michael P. Kelly (#2295) |
| Robert W. Trenchard | Daniel M. Silver (#4758) |
| GIBSON, DUNN & CRUTCHER LLP | Benjamin A. Smyth (#5528) |
| 200 Park Avenue | Renaissance Centre |
| New York, NY 10166 | 405 N. King Street, 8th Floor |
| (212) 351-4000 | Wilmington, Delaware 19801 |
| JLove@gibsondunn.com | (302) 984-6300 |
| RTrenchard@gibsondunn.com | mkelly@mccarter.com |
|  | dsilver@mccarter.com |
|  | bsmyth@mccarter.com |
| *Attorney for Novartis AG and Novartis Pharmaceuticals Corporation* | *Attorneys for Novartis AG, Novartis Pharmaceuticals Corporation, Mitsubishi Tanabe Pharma Corporation, and Mitsui Sugar Co., Ltd.* |

Joseph M. O'Malley
Eric W. Dittmann
Yousef Mian
Nao Takada
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000
josephomalley@paulhastings.com
ericdittmann@paulhastings.com
yousefmian@paulhastings.com
naotakada@paulhastings.com

*Attorneys for Mitsubishi Tanabe Pharma Corporation and Mitsui Sugar Co., Ltd.*