## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS, INC., and ACTAVIS ELIZABETH LLC, <br><br> Defendants. | C.A. No. 14-1487-LPS |
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> EZRA VENTURES, LLC, <br><br> Defendant. | C.A. No. 15-150-LPS |

| | |
|---|---|
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., | : : : : : : |
| Plaintiffs, | : C.A. No. 15-151-LPS : |
| v. | : : |
| HEC PHARM CO., LTD., HEC PHARM GROUP, and HEC PHARM USA INC., | : : : |
| Defendants. | : |
| NOVARTIS AG, NOVARTIS PHARMACEUTICALS CORPORATION, MITSUBISHI TANABE PHARMA CORPORATION, and MITSUI SUGAR CO., LTD., | : : : : : : |
| Plaintiffs, | : C.A. No. 15-975-LPS : |
| v. | : : |
| APOTEX INC. and APOTEX CORP., | : : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this **31st** day of **May, 2017:**

Having considered the parties' filings related to the final judgment to be entered (C.A. No. 14-1487 D.I. 291, 296, 297, 298, 301),

**IT IS HEREBY ORDERED** that:

1. The parties shall prepare and submit to the Court, no later than **June 2, 2017**, a final judgment order for C.A. No. 14-1487, consisting of all of Actavis' proposed final judgment (D.I. 291 Ex. 1) *except not* Actavis' proposed paragraphs 9-10, and further consisting of

paragraphs 10 and 11 of Plaintiffs' proposed final judgment (D.I. 297 Ex. B).

2. The parties in each of the related cases (C.A. Nos. 15-150, 15-151, 15-975) shall also prepare and submit to the Court, no later than **June 2, 2017**, a final judgment order, consistent with this Order.

3. The Court's rulings on the disputes presented by Plaintiffs and Actavis are based on its conclusion that Actavis' proposal makes more clear what the Court decided, and why, with respect to the patent term extension issue. However, the Court agrees with Plaintiffs that it is not appropriate at this time to foreclose Plaintiffs' ability to seek costs at a later date.

4. Further, much of what Plaintiffs and Actavis dispute are matters that will either need to be decided by the Court of Appeals for the Federal Circuit, on appeal (e.g., whether or not the Federal Circuit can invalidate the patent term extension), or potentially by this Court, should there be a remand following any appeal. The Court adds only that by adopting most of the language proposed by Actavis for the final judgment the Court is *not* agreeing with Actavis that Plaintiffs have waived their ability to make certain arguments or present certain evidence in the event that the Federal Circuit reverses this Court and remands the case. Whether a waiver would be found in those circumstances is a decision that must await the arrival of those circumstances, should that occur.

5. The final judgment orders, or some separate order(s) to be proposed by the parties, shall also indicate how the pending motions relating to the final judgment (*see, e.g.*, C.A. No. 14-1487 D.I. 271, 291, 296) shall be terminated (e.g., denied as moot).

                                                HONORABLE LEONARD P. STARK
                                                UNITED STATES DISTRICT JUDGE